**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

GIOVANA GARCIA-ROJAS,

Petitioner,

v. No. 2:26-cv-02408-DHU-GJF

TODD BLANCHE, Acting United States Attorney General; ROBERT O. LINDERFJELD, Assistant Director, U.S. Department of Justice and ICE Enforcement and Removal Operations; MARKWAYNE MULLIN, Secretary of Homeland Security; and DORA CASTRO, Warden, Otero County Processing Center; in their official capacities,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner's Petition for Writ of Habeas Corpus ("Petition"), where she argues that her continued detention without a bond hearing violates the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment. Doc. 2 ¶¶ 55-67.[1] She requests a Writ of Habeas Corpus ordering Respondents to immediately release her from custody, or, alternatively, provide her with a bond hearing. *Id.* at 16.

Respondents have filed a response to the Petition stating that they "are not submitting a brief in opposition" and that they "recognize that this Court may then decide to grant the Petition." Doc. 9 at 1. Respondents further submit that, "if the Court does grant the Petition, the appropriate relief would be an "Order directing that Respondents, within seven [(7)] days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner." *Id.*

[1] Because the Court grants Petitioner's Petition on her bond-related INA and Due Process claims, the Court "declines to address [Petitioner's] remaining claims of error." *Scott v. Mullin*, 303 F.3d 1222, 1232 (10th Cir. 2002).

"Where, as here, 'a party files a response to a motion but does not address all arguments which the motion raises, the party has effectively conceded the arguments which it does not address.'" *Alfaro Herrera v. Baltazar*, Civil Action No. 1:25-cv-04014-CNS, 2026 WL 91470, at *5 (D. Colo. Jan. 13, 2026) (quoting *Series 17-03-615 v. Teva Pharms. USA, Inc.*, 785 F.Supp.3d 904, 935 (D. Kan. 2025)); *see also C1.G on behalf of C.G. v. Siegfried*, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court correctly dismissed plaintiff's facial challenge as "abandoned" where plaintiff failed to include that challenge in his response to arguments raised in defendant's motion to dismiss). Accordingly, the Court finds that Respondents' non-opposition to the Petition constitutes a concession that Petitioner is being detained in violation of the INA and the Due Process Clause.

Federal district courts are vested with "the largest power to control and direct the form of judgment to be entered in cases brought up before it on habeas corpus." *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (internal quotation marks and citation omitted). Federal district courts, therefore, possess the power and authority to dispose of habeas corpus matters "as law and justice require." 28 U.S.C. § 2243. This includes the "power to grant *any form of relief necessary* to satisfy" the justice requirement. *Burton*, 975 F.2d at 693.

Federal regulations, as confirmed by the Supreme Court of the United States, require that noncitizens subject to § 1226(a) "receive bond hearings at *the outset of detention*." *Jennings v. Rodriguez*, 583 U.S. 281, 306, 138 S.Ct. 830 (2018) (emphasis added). Petitioner here was detained on December 7, 2025. Doc. 2 ¶ 15..This means that Petitioner, at this point in time, should have been provided with a bond hearing over nine (9) months ago. Additionally, while the Tenth Circuit in *Santillan Quiroz* ordered that the petitioner in that case be provided with a bond hearing, it did not hold that a bond hearing was the only available remedy. *See* 180 F.4th at 1251 n. 13.

This Court, therefore, finds that the appropriate remedy in this case is Petitioner's immediate release. *Munaf v. Geren*, 553 U.S. 674, 693, 128 S. Ct. 2207 (2008) ("Habeas is at its core a remedy for unlawful executive detention . . . [and] [t]he typical remedy for such detention is, of course, release." (citations omitted)).

Accordingly, Petitioner's Petition for Writ of Habeas Corpus (Doc. 2) is **GRANTED**.

**IT IS THEREFORE ORDERED THAT** Respondents release Petitioner within **twenty-four (24) hours** of this Order under reasonable conditions of release, and submit a status report no later than **three (3) days** from this Order confirming said release. The Court will issue a separate Final Judgment but retain jurisdiction over the matter to ensure compliance with this Order.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE